**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| DARRELL RUSSELL<br><br>PLAINTIFF,<br><br>v.<br><br>LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,<br><br>DEFENDANT. | ) ) ) ) ) ) ) ) ) | Civil Action No. 1:21cv00853-CC |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Lincoln Life Assurance Company of Boston ("Lincoln Life") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Darrell Russell ("Plaintiff"), and states as follows:

**JURISDICTION AND VENUE**

1. Lincoln Life admits that Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA") under the jurisdiction of this Court under 28 U.S.C. § 1331. Lincoln Life denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln Life admits that Plaintiff's claims are governed by ERISA. To the extent that Paragraph 2 contains legal conclusions, Lincoln Life is not

required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln Life admits that Plaintiff's claims are governed by ERISA. To the extent that Paragraph 3 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln Life denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln Life admits that venue of this action is proper in this Court. To the extent that Paragraph 5 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 5 of the Complaint.

## PARTIES

6. Lincoln Life is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.

7. Lincoln Life admits Plaintiff's claims are governed by ERISA. Lincoln Life admits Plaintiff was, at certain times, employed by Chart Industries, Inc. ("Chart") and was, at certain times, a participant in the Chart Industries, Inc. Long Term Disability Plan ("the Plan"). Lincoln Life admits it issued Group Disability Income Policy No. GF3-880-034785-01 (the "Policy") to Chart, which Policy, at certain times, insured benefits paid by the Plan. Lincoln Life denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln Life admits Chart sponsored the Plan to provide certain benefits to participating, eligible employees of Chart. Lincoln Life denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln Life admits the allegations contained in Paragraph 9 of the Complaint.

10. Lincoln Life is without sufficient knowledge to either admit or deny allegations pertaining to other benefits that may have been sponsored by Chart and, accordingly, Lincoln Life denies all allegations contained in Paragraph 10 of the Complaint.

11. Lincoln Life admits that it was formerly known as Liberty Life Assurance Company of Boston and that it was, at certain times, the claims administrator of the Plan for claims under the Policy. Lincoln Life specifically denies it was the plan administrator of the Plan and denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln Life admits that it was formerly known as Liberty Life Assurance Company of Boston. Lincoln Life admits that Liberty Life Assurance Company of Boston was acquired by Lincoln Financial Group and that the entity name was subsequently changed to “Lincoln Life Assurance Company of Boston.” Lincoln Life denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln Life admits it issued the Policy to Chart, which Policy, at certain times, insured benefits paid by the Plan, including the benefits claimed by Plaintiff in this action. Lincoln Life denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln Life admits it issued the Policy to Chart, which Policy, at certain times, insured benefits paid by the Plan, including the benefits claimed by Plaintiff in this action. Lincoln Life denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln Life admits it is an insurance company and is lawfully authorized to do business in Georgia. Lincoln Life admits that it was properly served in this action. Lincoln Life denies all remaining allegations contained in Paragraph 15 of the Complaint.

## FACTS

16. Lincoln Life admits it issued the Policy to Chart, which Policy, at certain times, insured benefits paid by the Plan. Lincoln Life admits it was, at certain times, the claims administrator of the Plan for claims under the Policy. Lincoln Life specifically denies it was the plan administrator of the Plan and denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln Life admits it issued the Policy to Chart, which Policy, at certain times, insured benefits paid by the Plan. Lincoln Life denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln Life admits it sent a letter to Plaintiff dated March 11, 2020, but Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life admits it received an appeal of Lincoln Life's decision regarding Plaintiff's claim for benefits from the Plan under the Policy, which appeal is contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Lincoln Life refers to the administrative record itself

as the best evidence of its contents. Lincoln Life admits it sent a letter to Plaintiff's counsel dated January 29, 2021, but Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln Life denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln Life admits Plaintiff was, at certain times, employed as a production supervisor by Chart in Ball Ground, Cherokee County, Georgia, and that Plaintiff was, at certain times, a participant in the Plan. Lincoln Life denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln Life admits Plaintiff's last day at work at Chart was November 7, 2016. Lincoln Life admits Plaintiff was, at certain times, a participant in the Plan. Lincoln Life admits the Policy includes language

pertaining to the definition of “Disabled” or “Disability” as applicable to a participant’s claim for benefits from the Plan under the Policy, but Lincoln Life refers to the Policy itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff’s claim for benefits from the Plan under the Policy, but Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life admits the Policy includes language pertaining to the definition of “Disabled” or “Disability” as applicable to a participant’s claim for benefits from the Plan under the Policy, but Lincoln Life refers to the Policy itself as the best evidence of its contents. Lincoln Life admits that Plaintiff received, at certain times, benefits from the Plan under the Policy. Lincoln Life denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln Life admits it received an appeal of the denial of Plaintiff’s claim for further benefits from the Plan under the Policy, which appeal is contained in the administrative record regarding Plaintiff’s claim for benefits from the Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life admits that Plaintiff exhausted

administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln Life denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln Life admits it received an appeal of the denial of Plaintiff's claim for further benefits from the Plan under the Policy. Lincoln Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the

administrative review process. Lincoln Life denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln Life admits that this action was filed on March 1, 2021. Lincoln Life denies the remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln Life denies all allegations contained in Paragraph 25 of the Complaint.

26. Lincoln Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the Plan under the Policy, but Lincoln Life refers to the Policy itself as the best evidence of its contents. Lincoln Life admits Plaintiff received, at certain times, benefits from the Plan under the Policy. To the extent Plaintiff attempts to interpret the Policy, Lincoln Life refers to the Policy itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, but Lincoln Life refers to the

administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, but Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln Life admits certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan but Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln Life admits that independent physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln Life admits that independent physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln Life admits that independent physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln Life denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Lincoln Life denies all allegations contained in Paragraph 34 of the Complaint.

35. Lincoln Life admits it issued the Policy to Chart, which Policy, at certain times, insured benefits paid by the Plan. Lincoln Life admits it was, at certain times, the claims administrator of the Plan for claims under the Policy, but Lincoln Life specifically denies it was the plan administrator of the Plan. Lincoln Life further admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy and that such decisions are governed by the terms of the Policy. Lincoln Life denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Lincoln Life admits it issued the Policy to Chart, which Policy, at certain times, insured benefits paid by the Plan. Lincoln Life admits it was, at certain times, the claims administrator of the Plan for claims under the Policy, but Lincoln Life specifically denies it was the plan administrator of the Plan. Lincoln Life further admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy and that such decisions are

governed by the terms of the Policy. Lincoln Life denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Lincoln Life denies all allegations contained in Paragraph 37 of the Complaint.

38. Lincoln Life denies all allegations contained in Paragraph 38 of the Complaint.

39. Lincoln Life denies all allegations contained in Paragraph 39 of the Complaint.

40. Lincoln Life denies all allegations contained in Paragraph 40 of the Complaint.

41. Lincoln Life admits it issued the Policy to Chart, which Policy, at certain times, insured benefits paid by the Plan. Lincoln Life admits it was, at certain times, the claims administrator of the Plan for claims under the Policy, but Lincoln Life specifically denies it was the plan administrator of the Plan. Lincoln Life further admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy and that such decisions are governed by the terms of the Policy. Lincoln Life denies that it violated any

provision of ERISA and denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. To the extent that Paragraph 42 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. To the extent that Paragraph 43 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. Lincoln Life denies all allegations contained in Paragraph 44 of the Complaint.

45. To the extent that Paragraph 45 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 45 of the Complaint.

46. Lincoln Life denies all allegations contained in Paragraph 46 of the Complaint.

47. To the extent that Paragraph 47 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. Lincoln Life denies all allegations contained in Paragraph 48 of the Complaint.

49. To the extent that Paragraph 49 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 49 of the Complaint.

50. Lincoln Life denies all allegations contained in Paragraph 50 of the Complaint.

51. To the extent that Paragraph 51 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 51 of the Complaint.

52. Lincoln Life denies all allegations contained in Paragraph 52 of the Complaint.

53. To the extent that Paragraph 53 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 53 of the Complaint.

54. Lincoln Life denies all allegations contained in Paragraph 54 of the Complaint.

55. To the extent that Paragraph 55 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 55 of the Complaint.

56. Lincoln Life denies all allegations contained in Paragraph 56 of the Complaint.

57. To the extent that Paragraph 57 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 57 of the Complaint.

58. Lincoln Life denies all allegations contained in Paragraph 58 of the Complaint.

59. To the extent that Paragraph 59 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 59 of the Complaint.

60. Lincoln Life denies all allegations contained in Paragraph 60 of the Complaint.

61. To the extent that Paragraph 61 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 61 of the Complaint.

62. Lincoln Life denies all allegations contained in Paragraph 62 of the Complaint.

63. To the extent that Paragraph 63 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 63 of the Complaint.

64. Lincoln Life denies all allegations contained in Paragraph 64 of the Complaint.

65. To the extent that Paragraph 65 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 65 of the Complaint.

66. Lincoln Life denies all allegations contained in Paragraph 66 of the Complaint.

## CAUSE OF ACTION
## FOR PLAN BENEFITS AGAINST DEFENDANT
## PURSUANT TO 29 U.S.C. § 1132(A)(1)(B)

Lincoln Life incorporates its responses to Paragraphs 1-66 by reference as if fully set forth herein.

67. Lincoln Life admits Plaintiff was, at certain times, a participant in the Plan. Lincoln Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits

from the Plan under the Policy, but Lincoln Life refers to the Policy itself as the best evidence of its contents. To the extent Plaintiff attempts to interpret the Policy, Lincoln Life refers to the Policy itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 67 of the Complaint.

68. Lincoln Life denies all allegations contained in Paragraph 68 of the Complaint.

69. Lincoln Life denies all allegations contained in Paragraph 69 of the Complaint.

70. Lincoln Life denies all allegations contained in Paragraph 70 of the Complaint.

71. Lincoln Life denies all allegations contained in Paragraph 71 of the Complaint.

72. Lincoln Life denies all allegations contained in Paragraph 72 of the Complaint.

73. Lincoln Life denies all allegations contained in Paragraph 73 of the Complaint.

74. Lincoln Life denies all allegations contained in Paragraph 74 of the Complaint.

75. To the extent that Paragraph 75 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 75 of the Complaint.

76. Lincoln Life denies all allegations contained in Paragraph 76 of the Complaint.

77. Lincoln Life denies all allegations contained in Paragraph 77 of the Complaint.

78. Lincoln Life denies all allegations contained in Paragraph 78 of the Complaint.

79. Lincoln Life denies all allegations contained in the WHEREFORE Paragraph of the Complaint and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Lincoln Life denies all allegations contained in the Complaint not specifically admitted herein, including any allegation of liability or fault contained in any section heading, Count, or any other attachment to the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the Plan under the Policy was an abuse of discretion because the Policy and relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln Life is subject to an offset pursuant to the terms of the Policy and the documents governing the Plan, which require offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln Life reserves the right to assert additional defenses and amend these affirmative and other defenses and to raise any additional defense(s) which may be revealed though discovery. See *Edwards v. Fulton County*, 509 Fed Appx. 882, 887 (11th Cir. 2013); *Proctor v. Fluor Enters., Inc.*, 494 F.3d 1337, 1350 (11th Circ. 2007).

## PRAYER

Lincoln Life requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln Life be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln Life be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted this 29th day of March 2021.

Respectfully submitted,

DREW ECKL & FARNHAM, LLP

*/s/ Brian Johnson*
Brian Johnson, Esq.
Georgia Bar No. 394745

Drew, Eckl & Farnham
303 Peachtree St. NE, Suite 3500
Atlanta, Georgia 30308
404/885-1400
404/876-0992 fax
Email: johnsonb@deflaw.com

AND

s/ *Iwana Rademaekers*
Iwana Rademaekers, Esq.
Texas Bar No. 16452560
(*Pro Hac Vice* Application forthcoming)

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

**LOCAL RULE 5.1C and 7.1D CERTIFICATION**

Pursuant to Local Rule 5.1C and 7.1D, I certify that this pleading has been prepared with Times New Roman 14 Point, the font and point selections approved by this Court in Local Rule 5.1C.

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing ANSWER by e-filing with the Court's CM/ECF system, which will automatically send email notification of such filing to the following party.

D. Seth Holliday, Esq.
McMahan Law Firm, LLC
700 S. Thorton Avenue
P.O. Box 1607
Dalton, Georgia 30722
Email: sholliday@mcmahanfirm.com

s/ *Brian Johnson*
Brian Johnson, Esq.
Georgia Bar No. 394745

Drew, Eckl & Farnham
303 Peachtree St. NE, Suite 3500
Atlanta, Georgia 30308
404/885-1400
404/876-0992 fax
Email: johnsonb@deflaw.com
11449592/1
06965-198013