**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| DARRELL RUSSELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: 1-21-cv-853-CC |
| | § | |
| LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**JOINT PRELIMINARY REPORT**
**AND DISCOVERY PLAN**

Now come Plaintiff, DARRELL RUSSELL and Defendant LINCOLN LIFE ASSURANCE COMPANY OF BOSTON ("Lincoln"), and submit the following pursuant to Local Rule 16.2:

**1. Description of Case:**

**(a) Describe briefly the nature of this action:**

Plaintiff brought this action to recover additional long-term disability ("LTD") benefits under the Chart Industries, Inc. Long Term Disability Plan ("Plan"), an employee welfare benefit plan sponsored and maintained by Chart Industries, Inc. ("Chart Industries"), and governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*

Plaintiff also seeks attorney's fees and costs under 29 U.S.C. § 1132(g). Lincoln denies Plaintiff's claims, denies that Plaintiff is entitled to any of the relief requested, and requests an award of the costs and attorneys' fees incurred in defending this action.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence**.

Plaintiff's Summary:

Plaintiff was an employee of Chart Industries and a participant in the Plan. LTD benefits under the Plan are funded by Group Policy Number GF3-880-034785-01-GID ("Policy"), issued by Liberty Life Assurance Company of Boston ("Liberty") to Chart Industries. Effective September 1, 2019, Liberty changed its name to Lincoln. Plaintiff ceased work due to an alleged disability on November 8, 2016, and Lincoln approved LTD benefits from through May 8, 2020. Thereafter, Lincoln determined that Plaintiff was not "totally disabled" from "any occupation," as defined by the Policy and the Plan, and that benefits were no longer payable as of May 8, 2020. This lawsuit involves the denial of additional LTD benefits.

Defendant's Summary:

Plaintiff was an employee of Chart Industries and a participant in the Plan. LTD benefits under the Plan are funded by Group Policy Number GF3-880-

034785-01-GID. Plaintiff's last day of work was November 7, 2016. Plaintiff received LTD benefits from the Plan under the policy from May 9, 2017, through May 8, 2020. Plaintiff submitted an administrative appeal, which after thorough review, Lincoln denied. Plaintiff then brought suit seeking additional LTD benefits. Lincoln denies that Plaintiff is entitled to any additional LTD benefits.

**(c) The legal issues to be tried are as follows:**

**Statement of the Issues:**

(1) Whether Lincoln's administrative determination regarding Plaintiff's claim for additional LTD benefits at issue in this lawsuit was arbitrary and capricious?

(2) Whether either party can recover attorney's fees under 29 U.S.C. § 1132(g)?

**(d) The cases listed below (include both style and action number) are:**

(1) Pending Related Cases: None.

(2) Previously Adjudicated Related Cases: None.

**2. This case is complex because it possesses one (1) or more of the features listed below (please check):** Not applicable.

_______(1) Unusually large number of parties

_______(2) Unusually large number of claims or defenses

_______(3) Factual issues are exceptionally complex

_______(4) Greater than normal volume of evidence

_______(5) Extended discovery period is needed

_______(6) Problems locating or preserving evidence

_______(7) Pending parallel investigations or action by government

_______(8) Multiple use of experts

_______(9) Need for discovery outside United States boundaries

_______(10) Existence of highly technical issues and proof

Not applicable.

**3. Counsel**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

For Plaintiff:

D. Seth Holliday
McMahan Law Firm, LLC
700 S. Thornton Avenue
P.O. Box 1607
Dalton, GA 30722
(706) 217-6118 (telephone)
(706) 217-6880 (facsimile)
sholliday@mcmahanfirm.com

For Defendant:

Iwana Rademaekers
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
(214) 579-9319 (telephone)
(469) 444-6456 (facsimile)
iwana@rademaekerslaw.com

**4. Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

( ) Yes ( X ) No

If "yes," please attach a statement not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5. Parties to this Action:**

(a) The following persons are necessary parties who have not been joined:

None.

(b) The following persons are improperly joined as parties:

None.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: Not applicable.

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in Local Rule 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary: None at this time.

(b) Amendments to the pleadings submitted LATER THAN 30 DAYS after the preliminary planning report is filed or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times for Motions**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below. All other motions must be filed WITHIN 30 DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: Unless otherwise ordered by the court, a motion to compel must be filed prior to the close of discovery or, if longer, within 14 days after service of the disclosure or discovery response upon which objection is based. Local Rule 37.1B.

(b) *Motions for Judgment Based on the ERISA Administrative Record*: Plaintiff has filed an action challenging a denial of disability insurance benefits arising under an insurance policy issued and underwritten by Defendant. Plaintiff seeks all available relief. Plaintiff's claims are enforceable under the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Defendant denies Plaintiff is entitled to any relief. A jury trial is not permitted in this civil action under ERISA, and trials are uncommon in actions for recovery of benefits such as this one. Rather, the Court reviews only the evidence before the claims decision-maker at the time the final decision to deny benefits was made. This case shall be decided on dispositive motions filed by the parties. Accordingly, the parties shall file their Cross-Motions for Judgement Based on the ERISA Administrative Record on **September 30, 2021** and the memoranda in support of said motions shall be no more than 25 pages in length. Responsive briefs shall be filed on **October 29, 2021** and be no more than 15 pages in length. Reply briefs shall be filed on **November 15, 2021** and be no more than 5 pages in length.

(c) *Other Limited Motions*: Refer to Local Rules 7.2; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: *Daubert* motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

Defendant contends that this case is exempt from the initial disclosure requirements under Fed. R. Civ. P. 26(a)(1) pursuant to Local Rule 26(c)(2) and Fed. R. Civ. P. 26(a)(1)(E)(i) because it is "an action for review on an administrative record." The parties have agreed to waive the initial disclosure requirement, and Lincoln has agreed to produce a bates-labeled copy of the relevant LTD administrative record in lieu of initial disclosures. Lincoln shall file the administrative record on or before **<u>May 31, 2021</u>**.

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The parties do not request a conference at this time.

## 10. Discovery Period

The discovery period commences 30 days after the appearance of the first defendant by answer to the complaint and ends on **August 31, 2021**.

Please state below the subjects on which discovery may be needed:

By Plaintiff:

Plaintiff contends that discovery on issues of bias or violations of due process is permitted under the Rules of Civil Procedure in an ERISA case. Moreover, it is Plaintiff's position that such discovery can be obtained without the Plaintiff having to provide an initial, specific showing of bias or some procedural irregularity on the part of the decision-maker.

By Defendants:

It is Defendant's position that because Plaintiff's claim is for ERISA plan benefits, where the claims administrator has discretionary authority to interpret and apply the terms of the Plan and make benefits determinations, the only evidence to be properly considered by the Court on Plaintiff's claim is (1) the administrative record before the claims administrator at the time its final determination was made and (2) the pertinent plan documents. As such, discovery on Plaintiff's claim beyond these categories of evidence should only permitted upon a showing of good

cause, and then should be narrowly tailored to the issues for which good cause is shown.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

Not applicable.

**11. Discovery Limitation:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

By Plaintiff:

Plaintiff contends that discovery on issues of bias or violations of due process is permitted under the Rules of Civil Procedure in an ERISA case. *See, e.g.*, *Featherston v. Metropolitan Life Ins. Co.*, 223 F.R.D. 647 (N.D. Fla. 2004) (citing *Lee v. Blue Cross/Blue Shield of Alabama*, 10 F.3d 1547 (11th Cir. 1994)); *see also*, *Miller v. Bank of America Corp.*, 401 F. Supp. 2d 1372, 1379 (N.D. Ga. 2005) ("Plaintiff is entitled to conduct discovery to obtain information that might enable her to refute any evidence that MetLife would offer to show that its

[decision] was not tainted by self-interest."). Furthermore, District Courts within the Eleventh Circuit have repeatedly allowed Plaintiffs discovery, recognizing the proper scope of the court's review in ERISA cases as not only the contents of the claim file, but all facts known to the administrator at the time the decision was made. *See generally, Crume v. Met. Life Ins. Co.*, 388 F. Supp. 2d 1342 (M.D. Fla. 2005), *aff'd* 387 F. Supp. 2d 1212; *Fish v. Unum Life Ins. Co. of Amer.*, 229 F.R.D. 699 (M.D. Fla. 2005); *Rosser-Monahan v. Avon Products, Inc.*, 227 F.R.D. 695 (M.D. Fla. 2004); *Featherston v. Met. Life Ins. Co.*, 223 F.R.D. 647 (N.D. Fla. 2004); *Lake v. Prudential Life and Acc. Ins. Co.*, 218 F.R.D. 260 (M.D. Fla. 2003); *Cerrito v. Liberty Life Assur. Co.*, 209 F.R.D. 663 (M.D. Fla. 2002); *Hawkins v. Arctic Slope Regional*, 344 F. Supp. 2d 1331 (M.D. Fla. 2002); *Shipp v. Provident Life and Acc. Ins. Co.*, 214 F. Supp. 2d 1241 (M.D. Ala. 2002).

By Defendants:

With respect to plaintiff's claim for LTD benefits under the Plan, no discovery is permitted outside the administrative record. The Plan grants discretionary authority to Lincoln to interpret Plan provisions and to determine eligibility for Plan benefits, and therefore the arbitrary and capricious standard of review applies. The Court's review will be limited to the administrative record. *See, e.g. Townsend v. Delta Family-Care Disability & Survivorship Plan*, 295 Fed.

Appx. 971, 976 (11th Cir. 2008) ("Our case law is settled that we are limited to only those documents that were before the administrator"); *Eldridge v. Wachovia Corp. Long-Term Disability Plan*, 2007 WL 117712, *2 (11th Cir. Jan. 18, 2007) (district court did not abuse discretion by refusing to permit discovery; "Discovery was unnecessary, because the record was restricted to the evidence that was before the administrators and the question which definition of disability should have been applied is a legal one"); *Richards v. Hartford Life & Accident Ins. Co.*, 3 Fed. Appx. 694, 697 n.1, 2005 WL 2888214 (11th Cir. Nov. 3, 2005) (deferential review "is confined to the evidence that was before the administrator when the claim for benefits was denied"); *Jett v. Blue Cross & Blue Shield, Inc.*, 890 F.2d 1137, 1139 (11th Cir. 1989) ("When conducting a review of an ERISA benefits denial under an arbitrary and capricious standard . . .., the function of the court is to determine whether there was a reasonable basis for the decision, based upon the facts as known to the administrator at the time the decision was made").

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties anticipate that defendants will seek one or more protective orders pursuant to Fed. R. Civ. P. 26(c) prohibiting discovery related to the ERISA claim.

**13. Settlement Potential:**

(a) Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on April 38, 2021, and that they participated in settlement discussions.

(b) All parties were promptly informed of all offers of settlement following discussion by all counsel, it appears that there is now:

(X ) A possibility of settlement before discovery.

(  ) A possibility of settlement after discovery.

( ) A possibility of settlement, but a conference with the judge is needed.

(__) No possibility of settlement.

(c) Counsel ( x ) do or (___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is undetermined at this time.

(d) The following specific problems have created a hindrance to settlement of this case:

None.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties ( ) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of this court this day of _______________, 2020.

(b) The parties ( X ) do not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted,

This 5th day of May 2021.

| | |
|---|---|
| *<u>/s/D. Seth Holliday</u>*<br>D. Seth Holliday<br>McMahan Law Firm, LLC<br>700 S. Thornton Avenue<br>P.O. Box 1607<br>Dalton, GA 30722<br>(706) 217-6118 (telephone)<br>(706) 217-6880 (facsimile)<br>sholliday@mcmahanfirm.com | *<u>/s/Iwana Rademaekers</u>*<br>Iwana Rademaekers<br>Law Offices of Iwana Rademaekers, P.C.<br>17304 Preston Road<br>Suite 800<br>Dallas, Texas 75252<br>(214) 579-9319 (telephone)<br>(469) 444-6456 (facsimile)<br>iwana@rademaekerslaw.com |

***********

**SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Planning Report and Discovery Schedule form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the above completed form, except as herein modified:

_______________________________________________________________

_______________________________________________________________

_______________________________________________________________

SO ORDERED, this ______ day of ______________ 2021.

_____________________________
Honorable CLARENCE COOPER
United States District Judge